NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARIANA ORTEGA QUEVEDO; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-71925 <br><br> Agency Nos.  A208-310-103 <br> A208-310-104 <br> A208-310-105 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019**

Before:  SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Ariana Ortega Quevedo and her two minor children, natives and citizens of

Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

We do not consider petitioners' contentions as to the merits of their social group claim of "single mother who is alone with kids in Mexico" because the BIA did not reach that issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and petitioners do not contend the BIA erred in finding that their social group claim was not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Substantial evidence supports the agency's determination that petitioners failed to establish that the harm they fear in Mexico has a nexus to a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial") (emphasis in original); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, petitioners' asylum and withholding of removal claims fail.

18-71925

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not that they would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Petitioners' request to remand, as set forth in their opening brief, is denied.

**PETITION FOR REVIEW DENIED.**